UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------

UNITED STATES OF AMERICA,

-against-

MOHAMMED SALEH,

Defendant.

---------------------------------

93cr181

01cv169

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

Pro se Petitioner Mohammed A. Saleh moves pursuant to Federal Rule of Civil Procedure 60(b) to reopen his criminal proceeding. (ECF No. 1077.) For the following reasons, Saleh's motion is denied.

## BACKGROUND

On October 1, 1995, a jury in this District found Saleh guilty of (1) seditious conspiracy to wage war against the United States, (2) bombing conspiracy, and (3) attempted bombing. See United States v. Rahman, 189 F.3d 88, 103 (2d Cir. 1999). On January 17, 1996, Judge Michael B. Mukasey sentenced Saleh to 35 years of imprisonment. Rahman, 189 F.3d at 111. The Second Circuit affirmed Saleh's conviction and sentence. Rahman, 189 F.3d at 160.

On January 9, 2001, Saleh filed a habeas petition pursuant to 18 U.S.C. § 2255, claiming that his trial counsel's failure to communicate potential penalties and plea offers amounted to ineffective assistance. (01-cv-169, ECF No. 1.) By order dated October 22, 2003, Judge Mukasey rejected Saleh's claim of ineffective assistance and denied Saleh's habeas petition. Elgabrowny v. United States, 2003 WL 22416167, at *14 (S.D.N.Y. Oct. 22, 2003).

On June 8, 2005, Saleh filed a second application for habeas relief and a motion for permission to file a successive § 2255 petition. (See Second Circuit Docket No. 05-2763,

entry date June 8, 2005.) By order dated August 15, 2005, the Second Circuit denied Saleh's motion to file a successive petition. (See Second Circuit Docket No. 05–2763, entry date August 15, 2005.)

On October 15, 2008, the Clerk of Court reassigned Saleh's criminal case to this Court. (ECF No. 995.) On February 5, 2013, Saleh filed a motion claiming he was entitled to relief under Rule 60(b) due to an intervening change in the law. (ECF No. 1045.) Saleh argued that under Raysor v. United States, 647 F.3d 491 (2d Cir. 2011), this Court must conduct an evidentiary hearing on his ineffective assistance of counsel claim. (See generally ECF No. 1045.) This Court denied Saleh's motion because it was procedurally and substantively deficient. Saleh v. United States, 2014 WL 3855022, at *2–*3 (S.D.N.Y. July 31, 2014).

On December 1, 2017, Saleh filed this second motion under Rule 60(b). (ECF No. 1077.) He asks this Court to reopen his criminal proceeding in order to reduce his sentence pursuant to Amendment 794 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). This Amendment addressed the mitigating role adjustment set out in U.S.S.G. § 3B1.2. The Government opposes Saleh's motion. (Gov't Opp'n to Pet.'s 60(b) Mot., ECF No. 1098 ("Opp'n").) On August 12, 2020, Saleh filed a motion for a status update with this Court. (ECF No. 1187.)

DISCUSSION

I.      Standard for Relief under Rule 60(b)

Under Rule 60(b), this Court has discretion to relieve a party from a final order for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief." Fed R. Civ. P. 60(b). Rule 60(b)(6)

2

is a "grand reservoir of equitable power to do justice in a particular case." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012). "But that reservoir is not bottomless." Stevens, 676 F.3d at 67. Rule 60(b)(6) relief is warranted only "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 109 (2d Cir. 2012). To prevail on a Rule 60(b) motion, "(1) there must be highly convincing evidence in support of the motion; (2) the moving party must show good cause for failing to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party." Esposito v. New York, 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (quotation marks omitted). "The heavy burden for securing relief from final judgments applies to pro se litigants as well as those represented by counsel." Broadway v. City of New York, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003).

Rule 60(b) relief is even more limited in the habeas context because it is only available "when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). "Courts must analyze a Rule 60(b) motion challenging denial of a previous habeas petition to determine whether it is genuinely a Rule 60(b) motion or instead a successive habeas petition." Chen v. United States, 2016 WL 519617, at *4 (S.D.N.Y. Feb. 3, 2016). "[T]he Antiterrorism and Effective Death Penalty Act ("AEDPA") bars the bringing of a 'second or successive' habeas petition in district court until a Court of Appeals has issued an order 'authorizing the district court to consider the application.'" Harris, 367 F.3d at 76 n.1 (quoting 28 U.S.C. § 2244(b)(3)). "[A] Rule 60(b) motion [that] does not itself seek habeas relief . . . should therefore be treated as any other motion under Rule 60(b) for purposes of AEDPA, provided that

the motion relates to the integrity of the federal habeas proceeding, not to the integrity of the . . . criminal trial." Harris, 367 F.3d at 80 (fourth alteration in original) (quotation marks omitted).

If a Rule 60(b) motion attacks the integrity of a previous habeas proceeding, a court should evaluate the motion on the merits. Harris, 367 F.3d at 82. However, if a court determines that a Rule 60(b) motion asserts claims of error in the underlying conviction or sentence, the motion is a successive § 2255 petition. Harris, 367 F.3d at 82. Then, a court has two options: "(i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to [the Second Circuit] for possible certification, or (ii) the court may simply deny the . . . the motion attacking the underlying conviction as beyond the scope of Rule 60(b).'" Harris, 367 F.3d at 82 (quotation marks omitted).[1]

## II. Procedural Deficiency

Saleh's motion plainly attacks his sentence, not his prior habeas proceeding. Because Saleh did not advance a mitigating role adjustment argument in his habeas proceeding, that proceeding is irrelevant to this motion. See Elgabrowny, 2003 WL 22416167, at *9–*10. The failure to attack the integrity of his habeas proceeding is in stark contrast to the requirements of Rule 60(b).

To the extent this 60(b) motion seeks relief from Judge Mukasey's sentencing or the Second Circuit's affirmance of that sentence, Rule 60(b) is not the proper vehicle. See Harris, 367 F.3d 77 (2d Cir. 2004) (holding that "relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the

---

[1] The Second Circuit has cautioned "district courts [to] be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it to this Court until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing (perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction." Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002).

habeas proceeding and not the underlying criminal conviction"); see also Chen, 2016 WL 519617, at *4 ("Rule 60 may not be used to challenge a movant's underlying conviction or sentence after that movant's habeas petition attacking the same conviction or sentence on the same basis has been denied.").

As an end-run around this procedural bar, Saleh styles his 60(b) motion as a request to reopen his criminal proceeding rather than to modify his sentence. But this ignores two key points. First, by asking this Court to reopen his criminal proceeding, Saleh is essentially requesting a reduction of his sentence. Second, his motion does not attack his prior habeas proceeding.

Accordingly, Saleh's claims are procedurally barred. Rather than determining that Saleh's motion is a second or successive habeas petition and transferring it to the Second Circuit, this Court denies the motion as beyond the scope of Rule 60(b) because it attacks the underlying sentence. Harris, 367 F.3d at 82.

III.    Failure on the Merits

Even if this Court were to consider the merits, it would deny Saleh's motion. During sentencing, Saleh and several of his co-conspirators moved to have their offense levels reduced pursuant to U.S.S.G. § 3B1.2, which provides for adjustments based on a minor or minimal role. In denying the applications, Judge Mukasey stated:

> The issue is whether . . . any of those people is significantly less culpable than the average participant in the conspiracy that is charged in this indictment and the conspiracy on which the jury returned a guilty verdict, and I don't believe any of them is . . . . The facts proved at trial indicated that each of them was willing to do what it was that was necessary for him to do. The argument that I have to consider a worldwide army and then consider each defendant a mere speck in the worldwide army I don't think is convincing. The fact is that each of them through the verdict was found to have been willing to do what it was that was necessary for

> him to do to accomplish the goals of the conspiracy. For that reason, th[e motions] are going to be denied.

Rahman, 189 F.3d at 159–60.[2] The Second Circuit affirmed Judge Mukasey's denial of these applications. Rahman, 189 F.3d at 160.

Now, Saleh argues that this Court should reopen the criminal proceeding to evaluate whether his sentence should be reduced under Amendment 794 to the Guidelines. That Amendment became effective on November 1, 2015, long after Saleh's sentencing. U.S.S.G. Amend. 794. It "clarified that a role reduction is appropriate if the defendant was 'substantially less culpable than the average participant in the criminal activity,' and that the 'average participant' specifically refers to the defendant's 'co-participants in the case at hand,'" United States v. Kirk Tang Yuk, 885 F.3d 57, 88 n.16 (2d Cir. 2018) (quoting U.S.S.G. Amend. 794), as opposed to an average participant in such a crime, see United States v. Carpenter, 252 F.3d 230, 236 (2d Cir. 2001).

But Amendment 794 is not retroactive. U.S.S.G. § 1B1.10(d) delineates amendments that are retroactive. U.S.S.G. § 1B1.10(a)(1). Amendment 794 is not on that list. U.S.S.G. § 1B1.10(d). Moreover, "numerous courts in this Circuit have held[ that] Amendment 794 has no retroactive application" for this reason. Banol-Ramos v. United States, 2018 WL 1441357, at *4 (S.D.N.Y. Mar. 22, 2018) (collecting cases). Saleh does not address retroactivity in his application. As such, even if this Court could consider his motion, it lacks the power to modify Saleh's sentence.

---

[2] This Court was unable to locate Saleh's sentencing transcript. The Government was likewise unsuccessful. (Opp'n, at 2 n.2.) However, the Second Circuit opinion contained the relevant excerpted portion of the sentencing.

CONCLUSION

For the foregoing reasons, this Court denies Mohammed Saleh's motion to reopen a prior criminal proceeding pursuant to Rule 60(b).  Because he has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c).  In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438 (1962).  The Clerk of Court is directed to terminate the motions pending at ECF Nos. 1077 and 1187.  Chambers staff will mail a copy of this Memorandum and Order to Saleh.

Dated: January 15, 2021
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.